[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 16575
This decision will apply to the plaintiff's Motion for Contempt, dated 10/25/01 (#192) and plaintiff's Motion for Contempt and Counsel Fees, dated 11/13/01 (#200 and #200.01).
The court heard the testimony of both parties over two days, considered the evidence presented at the hearings, and reviewed the relevant portions of the file. The Motions are granted and denied in part.
The following findings are made:
1. A Decree of Dissolution of Marriage was entered in this case on July 2, effective July 13, 1998 in which a Separation Agreement of the same date was incorporated into the Court's Orders.
2. Article 2.1 of the Separation Agreement provides a calculation formula for the husband Steven Spivey to pay alimony and child support to the wife, Carole Spivey. The Agreement also provides that the wife may pay sums to her husband in certain circumstances.
3. There was a post judgment stipulation dated July 19, 1999 (Defendant's Exhibit F.) where deductions to the unallocated alimony obligations of the husband were allowed at the approximate amount of $60 per month starting July of 1999.
4. Mr. Spivey was terminated from his employment at Hewlett Packard in October of 2000.
5. Mr. Spivey received unemployment compensation in the total amount of $3,094. Mr. Spivey testified on 11/28/01 that he believed he received approximately 1/2, i.e., $1,547.00 in the year 2000 and the other half in 2001.
6. The court has ruled that Mr. Spivey's unemployment compensation was includable as "gross income's per section 2.3 of the Separation Agreement.
7. There was a miscalculation of Mr. Spivey's gross income in 1998 by $10,000 and was corrected by the issuance of a corrected W-2 by his employer. (Plaintiff's Exhibit 4).
8. Both parties agree that the unallocated alimony due in 1998 was $41,154.73 and for 1999 it was $39,810.18.
9. The parties disagree as to the total unallocated alimony due in 2000 and due in 2001. CT Page 16576
10. The court finds that the unallocated alimony due in 2000 is $61,523.57.
(S. Spivey gross $179,775 + $1,547.00 = $181,322 less C. Spivey gross $58,274.87 = $123,047.13 ÷ 2 = $61,523.57)
11. The court finds that the alimony due in 2001, up to 9/30/01 is $4,249.71.
(Steven Spivey gross ($47,288.54 + $1,547.00 =) $48,835.54 — less C. Spivey gross $40,336.12 = $8,499.42 ÷ 2 = $4,249.71)
12. The court finds that the total amount due for unallocated alimony up to 9/30/01 is $145,964.69 calculated as follows:
1998 — $ 41,154.73
1999 — $ 39,810.18
2000 — $ 61,523.57
(to 9/30) 2001 — $ 4,249.71
$146,738.19
13. The court finds that Mr. Spivey paid alimony as per the evidence he produced at the hearing in the following amounts:
a) 1998 — $ 14,331.00
b) 1999 — $ 54,264.44
c) 2000 — $ 54,564.29
d) 2001 (to 9/30/01) $ 21,098.00
$144,257.73
14. The court finds that a deduction of $1,560 is allowable for medical insurance premiums paid by Mr. Spivey calculated as follows:
$60/month from July `99 to September `01 (26 months)
15. The court finds that the alimony due up to 9/30/01 totals $146,738.19 and that the alimony paid up to 9/30/01 totals $144,257.73, CT Page 16577 leaving a deficiency of $2,480.46. When a credit of $1,560 for medical insurance is calculated into the equation, Mr. Spivey owes $920.46 ($2,480.46 — $1,560 = $920.46) as of 9/30/01.
16. There has been little or no cooperation between the parties at times. The behavior has been dysfunctional.
17. Mr. Spivey provided tax returns only after he was ordered to do so and then provided returns which had blackened out key information so as to render the same useless. Only recently did counsel for Katherine Spivey, his new wife, claim a privilege for Katherine Spivey regarding the tax returns in question. (See Motion for Protective Order, dated 11/23/01, #212).
18. Mr. Spivey, at the court's suggestion, provided a check for $2,000 to Mrs. Spivey, but wrote a check which could not be cashed because he post dated it for 2002. (See Plaintiff's Exhibit 8) Only upon further encouragement from this court at the hearing on 11/26/01, did Mr. Spivey correct the check to allow it to be deposited. The court finds Mr. Spivey's behavior to be a waste of everyone's time and his explanations for why certain events took place to be without any credibility, especially in light of his prior behavior as reflected in the court's file.
19. Based upon a review of the plaintiff counsel's affidavit of fees (Plaintiff's Exhibits. 1, 2, 2a) and the court's further evaluation of the nature and sequence of events, the court awards reasonable attorney's fees to the plaintiff.
20. Mr. Spivey's employment circumstance has changed. His actual income from Sonic Blue is substantially less than when he was employed by Hewlett Packard. Counsel for both parties have represented that the formula for computation of unallocated alimony and support is to be reexamined
The court orders:
 1. The defendant to pay $920.46 representing the alimony and child support due up to 9/30/01, by 12/30/01.
 2. The court awards attorney's fees of $750 to be paid by 1/5/02.
3. All other orders will continue in effect.
So Ordered. CT Page 16578
JOHN R. DOWNEY, JUDGE.